# GIBIDES v STATE OF FLORIDA
## Case No. 88-352 AC
Eleventh Judicial Circuit, Dade County
August 14, 1989

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender and **Robert Burke,** Assistant Public Defender, for appellant.

**Robert A. Butterworth,** Attorney General, **Richard L. Polin,** Assistant Attorney General and **Mary Jane Feanny,** Certified Legal Intern, for appellee.

Before HENDERSON, MARGOLIUS, ROBINSON, JJ.

### OPINION OF THE COURT

ROBINSON, STEVEN D.

This case requires us to test whether the record was sufficient to sustain a prima facie case that Section 810.09, Florida Statute (1987), trespass after warning was violated.

The only witness, Officer Marco Valazquez of the Metro Dade Police Department, testified that on August 13, 1988, he observed the defendant in the parking lot of a car wash flagging down vehicles. Officer Velazquez had previously warned the defendant not to enter the car wash property.

1

There are four elements which must be proved.

1) That the defendant willfully entered the property alleged;

2) the property was owned by or lawfully in possession of the person alleged;

3) notice not to enter had been given by ordered communication to the defendant; and

4) that defendant's entering the property was without permission. *R.C.W. v State,* 507 So.2d 700 (Fla. 1st DCA 1987). First, there was no proof of the fourth element that the defendant's entry was without permission. We may only speculate whether or not the defendant had been given permission to enter. Second, hearsay alone proved that the police had authority to give warning. Officer Velazquez had testified over a defense hearsay objection, "We have [written] authorization by the owner to arrest anybody inside the property." The written authorization was not produced. Officer Velazquez's testimony constituted hearsay and should have been excluded.

As all the necessary elements of the crime were not proven, the court should have granted the motion for judgment of acquittal. Reversed and remanded to enter a judgment for the defendant.

HENDERSON and MARGOLIUS, J.J. concur.